### John Padbury *vs.* Henry E. Garlick.

The statute (Gen. Statutes, tit. 13, sec. 21,) provides that no sale or transfer by a husband of the personal property of his wife, held by him in trust for her under the statute, or of his interest therein, shall be valid, unless she shall join with him in a written conveyance of the same. Where a wife, with the consent of her husband, upon a good consideration, delivered to a creditor of the husband a piano belonging to her and held by her husband in trust for her, under an agreement that the creditor should hold the piano as a pledge until the debt was paid, it was held that it was not a sale or transfer within the meaning of the statute, and was therefore not invalid because there was no writing signed by the husband and wife.

Trover for a piano, brought by the plaintiff as trustee for his wife ; tried to the jury in the court of common pleas for New Haven county, on the general issue, before *Bronson, J.*

On the trial the plaintiff offered evidence to prove that his wife purchased the piano and paid for it with her own money, earned by her personal services. The defendant offered evidence to prove, that on the 1st day of April, 1869, the plaintiff was indebted to him in the sum of $110, which was the balance of a larger sum, for meat furnished by him from time to time, within the five months preceding, to the plaintiff for the support of his wife and their child, and that he caused the piano to be taken upon a lawful writ of attachment, in a suit brought to the Superior Court for New Haven county in his favor against the plaintiff. And the defendant claimed, and asked the court to instruct the jury, that the law was so that he had a right to attach the piano, even if it belonged to the wife, for such indebtedness, under the 20th section of the statute concerning the domestic relations. (Gen. Statutes, p. 304.) The court did not so instruct the jury, but charged them that the piano could not be attached under that statute.

The defendant also claimed to have proved that, after the attachment, and while the suit was pending in court, the plaintiff's wife came to him, and that he entered into an arrangement with her that he should take and hold the piano as a pledge for the debt, and that if she, or her husband, would pay him within two months from the date of the agree-

ment, the sum of $85, he would discharge the debt and costs and accept that sum in full satisfaction, and that in case the $85 was not paid within two months, he was to hold the piano as a pledge until the full amount of the debt was paid, and in the meanwhile that he was to provide a suitable place to store and keep it.   And that immediately after this agreement had been made, the plaintiff was informed of it, and assented to it, and thereupon went with the defendant and selected a suitable place for the storage of the piano and boxed it up, and that the defendant took it, and now held it under the agreement ; all of which was denied by the plaintiff.   Also that the plaintiff and his wife then removed to New York ; that about six weeks after this time the plaintiff wrote to the defendant requesting him to keep the piano safe, and that he should soon get the money to pay him, and get the piano ; and that about three months after the above arrangement, the plaintiff's wife called on the defendant, and tendered him the sum of $85, and demanded that he should surrender the piano to her, which he then refused to do, insisting that, as the $85 had not been paid within two months, he had a right to hold the piano as a pledge for the full amount of the bill and costs of suit against her husband.   The defendant insisted that the law was so, upon these facts being found, that he had a right to hold the piano as a pledge for the payment of the full amount of his debt and costs against the plaintiff and that the taking and holding the same under these circumstances was not evidence tending to show a conversion for which the plaintiff could maintain his action, and requested the court so to charge the jury.

The court did not so charge the jury, but charged them in accordance with the plaintiff's claim, that inasmuch as the pledge was not in writing in accordance with the statute, the piano being proved to be the property of the wife, and not of the husband, the same would not be valid as against the wife or her trustee, and that although such a pledge, agreed to by both, might operate as a license to the defendant to hold such property at their will, yet that such license to hold would be terminated by the demand made by the wife upon the defend-

ant for the same, and that the defendant would be liable in this action for further holding the same.

The jury having rendered a verdict for the plaintiff, the defendant moved for a new trial for error in the charge of the court.

*H. Stoddard,* in support of the motion.

*H. B. Munson,* contra.

PARK, J.   The case of *Robertson* v. *Wilcox,* heard in Hartford county upon the present circuit, and which was considered in connection with this case, involves the same question here presented with regard to the construction of the 21st section of the statute concerning the domestic relations, (Gen. Statutes, p. 304,) and in our opinion in that case we have given our views in full on the subject.   Upon the principles there laid down a new trial must be advised in this case.

In this opinion the other judges concurred.